UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRADLEY SCOTT PICKEL #0365051 ) | |
| ) | |
| v. ) | NO. 2:05-CV-36 |
| ) | |
| RON INMAN, HAMBLEN COUNTY ) | |
| DETENTION CTR., Sgt. MERLIN ) | |
| FOSTER, JEFFERSON COUNTY JAIL, ) | |
| and OFFICER/JAILER BRADY of ) | |
| Jefferson County Jail ) | |

**MEMORANDUM and ORDER**

*Pro se* prisoner Bradley Scott Pickel brings this civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional conditions of confinement. The Clerk is **DIRECTED** to file this action without prepayment of the filing fee. Since the plaintiff is an inmate in custody at the Hamblen County Detention Center (HCDC), he is **ASSESSED** the civil filing fee of $250.00. 28 U.S.C. § 1914(a); *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

In his complaint, the plaintiff asserts three claims. In the first of these, the plaintiff alleges that, after having "conflicts" with another inmate, he was placed in the drunk tank in the Jefferson County Jail and forced to sleep on a concrete slab without a mat. His second claim is multifaceted. In this claim, he alleges that, due to the altercations with the other prisoner, defendant Foster ordered him to be transferred to the HCDC, where his medical needs are ignored (he indicates that he has dental problems and difficulty in breathing), despite his

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee, and this constitutes a financial obligation on the part of the plaintiff.

having made numerous requests for medical care. He contends that he has been told that, if his condition is not life-threatening, then it is not "their" problem. The plaintiff concludes that he is being denied medical care because he is an out-of-county inmate and that the disparate treatment afforded him constitutes discrimination. He also claims that he is denied deodorant and other items of hygiene and threatened with the loss of food under rules made by defendant Inman.

His third claim is that he was harassed, verbally abused, cursed, and disparaged by defendant Brady. This conduct, according to the plaintiff, amounts to defamation of character.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular

3

prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Shorter v. Campbell*, 2003 WL 463480, *2 (6th Cir. Feb. 20, 2003).

In this case, the plaintiff maintains, in section II of his complaint, that HCDC has an established grievance procedure and that he filed a grievance explaining that he felt that he was being discriminated against on the basis that he was a Jefferson County inmate housed in a Hamblen County facility, but that he received no response. However, he does not allege that he ever presented his complaints about the conditions of confinement at the HCDC through its grievance system and he makes

4

absolutely no allegations as to whether the Jefferson County Jail even has a grievance procedure.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Consequently, by failing to show exhaustion as to his confinement conditions claims,[2] the plaintiff has not satisfied § 1997e(a)'s requirement that he exhaust his administrative remedies with regard to each and every constitutional claim raised in his complaint.

---

[2] Allegations that do not state a constitutional claim in the first place, such as the plaintiff's allegations concerning defamatory remarks by defendant Brady, *see Paul v. Davis*, 424 U.S. 693, 711 (1976), need not be exhausted but are subject to outright dismissal. *Brown*, 139 F.3d at 1113.

5

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

                  s/Thomas Gray Hull
                  THOMAS GRAY HULL
                    SENIOR U. S. DISTRICT JUDGE